**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **THE JEWISH HOME FOR THE AGED, INC.,** | **Case No. 11-30312 (LMW)** |
| Debtor-in-possession. | |

_____

**UNITED STATES TRUSTEE'S APPOINTMENT**
**OF PATIENT CARE OMBUDSMAN**

TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE LORRAINE M. WEIL

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), Interim Fed. R. Bankr. P. 2007.2, and the Order directing this appointment entered by the Court on January 19, 2010, ECF doc. no. 38, hereby appoints as Patient Care Ombudsman in this case:

> Nancy Shaffer, M.A.
> CT State Long Term Care Ombudsman
> Department of Social Services
> 25 Sigourney Street
> Hartford, CT  06106
> (860) 424-5238
> nancy.shaffer@ct.gov

Ombudsman Shaffer will be assisted in her duties by Brenda Torres, CT Regional Ombudsman.

This notice is accompanied by a verified statement of Nancy Shaffer (the "Patient Care Ombudsman") setting forth her connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee.

Section 333 of the Bankruptcy Code provides that the Patient Care Ombudsman shall:

(1) monitor the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including interviewing patients and physicians;

(2) not later than 60 days after the date of this appointment, and not less frequently than at 60 day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and

(3) if she determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion of a written report, with notice to the parties in interest immediately upon making such determination; and

(4) shall maintain any information she obtains by virtue of her appointment as Patient Care Ombudsman in this case that relates to patients (including information relating to patients records) as confidential information.

Pursuant to Fed. R. Bankr. P. 2015.1:

(a) Reports. Unless the court orders otherwise, a patient care ombudsman, at least 10 days before making a report under § 333(b)(2) of the Code, shall give notice that the report will be made to the court. The notice shall be transmitted to the United States trustee, posted conspicuously at the health care facility that is the subject of the report, and served on the debtor, the trustee, all patients, and any committee elected under § 1102 of the Code or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed under § 1102, on the creditors included on the list filed under Rule 1007(d), and such other entities as the court may direct. The notice shall state the date and time when the report will be made, the manner in which the report will be made, and, if the report is in writing, the name, address, telephone number, email address, and website, if any, of the person from whom a copy of the report may be obtained at the debtor's expense.

(b) Authorization to Review Confidential Patient Records. A motion by a health care ombudsman under § 333(c) to review confidential patient records shall be governed by Rule 9014, served on the patient and any family members or other contact person whose name and address has been given to the trustee or the debtor for the purpose of providing information regarding the patient's health care, and transmitted to the United States trustee subject to applicable nonbankruptcy law related to patient privacy. Unless the court orders otherwise, a hearing on the motion may be commenced no earlier than 15 days after service of the motion.

Notice is further given that the Patient Care Ombudsman in this case is expressly permitted to utilize the staff and facilities of the Connecticut Department of Social Services' Office of the Connecticut State Long Term Care Ombudsman save for her reporting obligations as set forth in Section 333(b)(2) of the Bankruptcy Code.

This appointment is made as of this 24th day of February 2011.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE FOR REGION 2

By: */s/ Kim L. McCabe*
    Kim L. McCabe/ct23661
    Assistant United States Trustee
    150 Court Street, Suite 302
    New Haven, Connecticut 06510
    Telephone: 203.773.2210
    Facsimile: 203.773.2217
    E-Mail: Kim.McCabe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2011, a copy of the foregoing United States Trustee's Appointment of Patient Care Ombudsman was electronically served on the Debtor's counsel; Nancy Shaffer, the appointed Patient Care Ombudsman; and all other parties that are entitled to receive documents filed in this case through the electronic case filing system maintained by this Court.

By:   /s/  Steven E. Mackey
Steven E. Mackey/ct09932
Trial Attorney
Office of the United States Trustee
150 Court Street, Room 302
New Haven, CT 06510
Telephone: 203.773.2210