# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: : | CHAPTER 11 |
| : | |
| THE JEWISH HOME FOR THE AGED, INC. : | CASE NO. 11-30312(LMW) |
| : | |
| Debtor. : | RE: ECF NO. 85 |
| : | |

**ORDER (A) AUTHORIZING AND APPROVING BIDDING PROCEDURES, (B) SCHEDULING BID DEADLINE, AUCTION DATE AND SALE HEARING, (C) AUTHORIZING AND APPROVING BREAK-UP FEE, (D) AUTHORIZING AND APPROVING PROCEDURES GOVERNING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (E) APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (F) GRANTING RELATED RELIEF, ALL IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

This matter having come before the Court upon the motion dated June 8, 2011 (the "Motion")[1] of The Jewish Home for the Aged, Inc. (the "Debtor") for, inter alia, an order (the "Bidding Procedures Order") (a) authorizing and approving bidding procedures (b) scheduling bid deadline, auction date and sale hearing, (c) authorizing and approving break-up fee, (d) authorizing and approving procedures governing the assumption and assignment of executory contracts, (e) approving the form and manner of notice thereof, and (f) granting related relief, all in connection with the sale of substantially all of the Debtor's assets (the "Assets") free and clear of all liens, claims, encumbrances, and other interests (the "Sale"), pursuant to and as described in the Asset Purchase Agreement dated as of June 15, 2011 (the "Purchase Agreement") between the Debtor and Advanced Healthcare Properties, LLC (with its successors and assigns, "Proposed Purchaser"); the Debtor also having filed contemporaneously with the Motion its motion seeking an order authorizing and approving the sale of substantially all of its assets and granting related relief (the "Sale Motion"); and the Court having reviewed the Motion and it

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the Motion.

appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and the Court having considered the arguments of counsel at the hearing held on June 15, 2011 (the "Hearing"); and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors and other parties in interest; and upon the record of the Hearing; and after due deliberation thereon; and good cause appearing therefor, it is hereby FOUND AND DETERMINED THAT:

A. The Debtor has articulated good and sufficient reasons for the Court to authorize and approve (i) the proposed manner of notice of the Sale Motion; (ii) the Break-Up Fee; (iii) the form of notice of the Sale to be distributed to creditors and other parties in interest, including prospective bidders, (iv) the proposed bidding procedures, and (v) the proposed procedures governing the assumption and assignment of executory contracts.

B. The proposed bidding procedures are reasonable and appropriate and represent the best method for maximizing the return for the Assets.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### Bids

1. All bids must be submitted so as to be received by bankruptcy counsel for the Debtor not later than 5:00 p.m. (EDT) on July 7, 2011 (the "Bid Deadline").

2. Prior to the Bid Deadline and upon the execution of a confidentiality agreement in form and substance satisfactory to the Debtor, any party desiring to submit a Qualifying Bid, as defined hereinafter, may be granted access to relevant business and financial information of the Debtor to enable such party to evaluate the Assets for the sole purpose of submitting a Qualified Bid.

3. A Qualified Bid is a written offer that (i) provides for the purchase of the Assets upon the terms and conditions substantially as set forth in the Purchase Agreement and not materially different or more burdensome for the Debtor than the terms of the Purchase Agreement, and, specifically, includes a cash consideration component to be paid by the bidder of at least $6,050,000.00 (the "Minimum Overbid"); (ii) is accompanied by a duly executed form of the Purchase Agreement including any amendments and modifications proposed by the bidder; (iii) provides that the offer is irrevocable unless, at the conclusion of the Sale Hearing, an order enters whereby the bidder is neither the Successful Bidder or the Back-Up Bidder, as these terms are defined hereinafter; (iv) includes a good faith deposit (the "Good Faith Deposit") in the amount of $500,000.00 (evidence of the transmission of the Good Faith Deposit by the Bid Deadline, such as a wire transfer confirmation or proof that irrevocable wire transfer instructions have been given to the bidder's bank or financial institution, shall be sufficient to satisfy the Bid Deadline) to be held in escrow by the Debtor's counsel subject to the provisions of this Order; (v) includes written evidence of a commitment for financing and other evidence sufficient to enable the Debtor, in its business judgment, to evaluate and confirm the offeror's financial wherewithal to consummate the purchase of the Assets; (vi) contains a statement identifying with particularity each executory contract and unexpired lease to be assumed and assigned to the bidder at closing; (vii) contains the bidder's consent to the jurisdiction of the Bankruptcy Court; (viii) is not conditioned on obtaining financing or on the outcome of due diligence by the bidder; (ix) does not request or entitle the bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment; (x) identifies the particular executory contracts and unexpired leases the bidder proposes to acquire by assignment together with any available

evidence of adequate assurance of future performance by such bidder; and (xi) the Debtor determines, in its business judgment, possesses a reasonable prospect to close on the acquisition of the Assets, within a reasonable time, based on, among other factors, the bidder's prospect to obtain the approval of all applicable departments of the State of Connecticut to acquire, own and operate the Assets as a skilled nursing facility.

4. A bidder who submits a Qualified Bid by the Bid Deadline that meets the above requirements is a "Qualified Bidder." For purposes of the Bidding Procedures, the Purchase Agreement is a Qualified Bid and the Proposed Purchaser is a Qualified Bidder. Immediately upon receipt, the Debtor shall transmit copies of all Qualified Bids to counsel for the Proposed Purchaser, all Qualified Bidders, counsel for the Official Creditors Committee, the office of the United States Trustee and counsel for the holders of mortgages upon the Debtor's real property and may disclose to such persons all information provided to it by bidders.

5. The Debtor shall determine and shall notify the Proposed Purchaser, and all persons who have submitted Qualified Bids, by no later than one (1) business day after the Bid Deadline, of the existence of any and all Qualified Bids for the Assets other than the Qualified Bid of the Proposed Purchaser. If there is at least one Qualified Bid for the Assets other than the Qualified Bid of the Proposed Purchaser, the Debtor will conduct an auction (the "Auction") with respect to the Assets.

6. The Proposed Purchaser and each other Qualified Bidder shall appear in person or through an authorized representative.

7. No person other than the Proposed Purchaser and each other Qualified Bidder shall be entitled to submit bids for the Assets at the Auction.

4

8. The initial bid at the Auction by any Bidder other than the Proposed Purchaser shall be the highest Qualified Bid received by the Debtor as determined by the Debtor. Each successive bid must be at least $100,000.00 higher than the outstanding highest bid.

9. The Debtor reserves the right to determine whether a bid constitutes a higher and better offer than other bids received for the Assets. The Debtor shall be entitled to consider the amount of the purchase price, the financial wherewithal of the bidder, the bidder's prospect to close on the acquisition of the Assets, within a reasonable time, based on, among other factors, the bidder's prospect to obtain the approval of all applicable departments of the State of Connecticut to acquire, own and operate the Assets as a skilled nursing facility, and the overall benefit to the Debtor's estate.

10. The Proposed Purchaser and any other Qualified Bidder may make modifications to the Purchase Agreement during the Auction, provided that the Debtor reserves the right to determine whether such modifications affect whether such bid represents the highest and best offer for the Assets.

11. The Auction shall proceed until the Debtor determines, and announces to all bidders that it has determined that no higher or better bids will be forthcoming ("Conclusion of the Auction").

12. The Debtor may establish additional bidding procedures as the Debtor deems appropriate based on the circumstances, provide that such modifications or changes shall not materially alter the bidding procedures set forth herein.

### Auction

13. The Auction, if required, shall take place at 2:00 p.m. (EDT) on July 11, 2011 at the offices of Zeisler & Zeisler, P.C., 558 Clinton Avenue, Bridgeport, Connecticut 06605, or such other location within New Haven or Bridgeport, Connecticut as shall be established by the Debtor. All bidding at the Auction shall be conducted orally in the presence of all Qualified Bidders.

14. With respect to any bid submitted by the Proposed Purchaser at the Auction, such bid shall be credited with the amount of the Break Up Fee for purposes of comparison with other bids.

15. Within one (1) business day after the conclusion of the Auction, the Debtor shall determine, the highest or otherwise best bid and the second highest or otherwise second best bid and shall submit such bids to the Court for approval at the Sale Hearing.

16. Upon Bankruptcy Court approval of the highest and otherwise best bid by a Qualified Bidder (the "Successful Bidder") and the approval of the second highest and otherwise second best bid by a Qualified Bidder (the "Back-Up Bidder"), the Good Faith Deposits of all other bidders, including, as the case may be, the deposit of the Proposed Purchaser pursuant to the Purchase Agreement, shall be returned, without further order of this Court. Upon the closing of the Sale to the Successful Bidder, but in no event later than 60 days after the Sale Hearing, as defined hereinafter, the Good Faith Deposit of the Back Up Bidder shall immediately be returned by the Debtor without further order of this Court.

### Sale Hearing

6

17.  A hearing (the "Sale Hearing"), at which evidence may be presented, shall be held before the undersigned United States Bankruptcy Judge on July 13, 2011, at 2:00 p.m. (EDT) in the United States Bankruptcy Court, 157 Church Street, 18th Floor, New Haven, Connecticut 06510 ("Bankruptcy Court"), to consider approval of the Sale to the Successful Bidder or, in the alternative, to the Back-Up Bidder.

### Failure to Consummate Purchase

18.  If for any reason, except as contractually permitted, the Successful Bidder fails to consummate the purchase of the Assets, the Debtor shall consummate the closing of the purchase of the Assets with the Back-Up Bidder, and the Good Faith Deposit submitted by the Successful Bidder shall be forfeited to the Debtor.

19.  If the Debtor attempts, in accordance with the preceding paragraph, to consummate the closing of the purchase of the Assets with the Back-Up Bidder, and the Back-Up Bidder for any reason, except as contractually permitted, fails to consummate the purchase of the Assets, the Good Faith Deposit submitted by the Back-Up Bidder shall be forfeited to the Debtor.

### Notice

20.  On June 21 or 22, 2011, the Debtor (or its agent) shall:

   a.  serve a copy of this Bidding Procedures Order, the Sale Motion (including the proposed order granting the Sale Motion and the Purchase Agreement (but without the exhibits thereto)), and a notice of sale, in the form attached hereto (the "Notice of Sale"), in accordance with the Federal Rules of Bankruptcy Procedure, including Rules 2002 and 9014 thereof, and the Local Rules of the Court, by first-class mail, postage prepaid, upon the

7

following persons and entities, including, without limitation, in the case of federal governmental agencies, the regional office of each such agency: (i) the Office of the United States Trustee; (ii) counsel for Proposed Purchaser; (iii) the entities known to the Debtor to have expressed a serious interest in pursuing a merger or acquisition transaction regarding the Debtor or substantially all of its assets during the past twelve (12) months; (iv) all entities known to hold, or to have asserted, any lien, claim, encumbrance or other property interest in or upon any of the Assets, including all persons and entities named in the caption of the Sale Motion and all persons and entities scheduled in the Debtor's Schedules of Assets and Liabilities as secured creditors, whether or not disputed, or as parties to leases with the Debtor, including CIT; (v) all of the Debtor's creditors, including all creditors or alleged creditors who are listed on the Debtor's matrix of creditors, who are scheduled by the Debtor in its schedules of liabilities or who have filed proofs of claim (except that persons within this subparagraph (v) need not be sent copies of the Purchase Agreement so long as they are informed of where and how to obtain copies); (vi) the Internal Revenue Service, all applicable state taxing authorities, including but not limited to the Department of Revenue Services, and GB&S, Trustee; (vii) the Pension Benefit Guaranty Corporation and each of the pension funds for current or former employees of the Debtor, including those pension funds named in the Debtor's Statement of Financial Affairs, the New England Health Care Employees Welfare Fund, the New England Health Care Employees Pension Fund, and the New England Health Care Employees Training Fund; (viii) all entities who have filed notices of appearance and/or requests for service of papers in this case; (ix) the Connecticut and United States Departments of Labor, as well as, separately, the Division of Wage and Workplace Standards, the Connecticut Workers Compensation Commission, the

8

Occupational Safety and Health Administration and the Office of Federal Contract Compliance Programs; (x) the United States Environmental Protection Agency and the Connecticut Department of Environmental Protection; (xi) the Center for Medicare and Medicaid Services of the United States Department of Health and Human Services; (xii) the Connecticut Departments of Public Health and of Social Services, (xiii) the National Labor Relations Board; (xiv) each of the collective bargaining representatives of employees of the Debtor; (xv) all known plaintiffs in litigation against the Debtor, including George Mariamma Parayakatu, Suzzanne Ransom, Nita Freeman and Richard Bortolot and/or the conservator of his estate, and all persons who have commenced, asserted or filed complaints, administrative proceedings, counterclaims, arbitrations, grievances or other similar matters against the Debtor or who have at any time on or after February 14, 2008, suffered or incurred injuries or been the subject of incidents or occurrences which are reflected in Debtor's incident or occurrence reports or logs however denominated (by service directed to their last known address); (xvi) all persons who are or were employees of the Debtor at any time from August 1, 2007, until the date of service (by service directed to their last known address); and (xvii) such other entities as may be reasonably requested by the Proposed Purchaser;

      b.    cause the Notice of Sale to be published in the New Haven Register; and

      c.    post the Notice of Sale conspicuously inside the front entrance to the Debtor's nursing home.

21. A copy of the Exhibits to the Purchase Agreement has been filed with the Bankruptcy Court, 157 Church Street, 18th Floor, New Haven, CT 06510, and may be obtained

9

upon written request submitted to the bankruptcy counsel for the Debtor, Zeisler & Zeisler, P.C., 558 Clinton Ave, Bridgeport, CT 06605 (Attn: Stephen M. Kindseth).

### Objections

22. Objections, if any, to the Sale or the relief requested in the Sale Motion shall (a) be in writing, (b) state the basis of the objection with specificity, (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, (d) be filed with the Clerk of the Court, and (e) be served upon (i) bankruptcy counsel for the Debtor, Zeisler & Zeisler, P.C., 558 Clinton Ave, Bridgeport, CT 06605 (Attn: Stephen M. Kindseth); (ii) counsel to the Proposed Purchaser, Frankel, Rubin, Bond, Dubin, Siegel & Klein, P.C., 231 South Bemiston, Suite 1111, Clayton, Missouri 63105 (Attn: Mark S. Rubin.); and Neubert, Pepe & Monteith, P.C. 195 Church Street, 13th Floor, New Haven, Connecticut 06510 (Attn: Mark I. Fishman); and (iii) the Office of the United States Trustee, 150 Court Street, New Haven, CT 06510 no later than 5:00 p.m. (EDT) on July 7, 2011.

23. The failure to file a timely objection will be a bar to assertion, at the Sale Hearing or thereafter, of such objection or of any other objection to the Sale Motion, the relief requested in the Sale Motion, or the Debtor's consummation and performance of the Purchase Agreement or of such Purchase Agreement as amended or modified.

### Break Up Fee

24. The Break Up Fee of $300,000 is hereby approved upon the terms and conditions set forth in the Purchase Agreement. The Break Up Fee shall constitute an administrative expense under Sections 503(b) and 507(a)(2) of the Bankruptcy Code and, if a sale of the Assets pursuant to the Motion and Sale Motion is closed to a person or entity other than the Proposed

10

Purchaser, shall be paid by the Debtor to the Proposed Purchaser at such closing as a cost of sale, without further order of this Court and notwithstanding any lien or security interest in, on or upon the sale proceeds. _____

### Procedures Governing the Assumption and Assignment of Executory Contracts and Unexpired Leases

25. In accordance with the terms and conditions of the Purchase Agreement and pursuant to 11 U.S.C. §§ 363(b), 365(a), (b) and (f), the Debtor seeks to assume, assign and sell to the Proposed Purchaser or other Qualified Bidder, as applicable, those certain executory contracts and unexpired leases of the Debtor identified by the Proposed Purchaser and other Qualified Bidder prior to the Sale.

26. No later than 5:00 p.m. (EDT) on July 7, 2011, the Proposed Purchaser shall transmit to the Debtor the identity of the particular executory contracts and unexpired leases that it intends to acquire by assignment as part of the Sale, and shall include any available evidence of adequate assurance of future performance by the Proposed Purchaser. The Debtor shall have received by such date and time such designation from the other Qualified Bidders as part of their Qualified Bids.

27. The Debtor shall on July 8, 2011, transmit by overnight mail to all other parties to such executory contracts and unexpired leases notice of the proposed assumption and assignment of the applicable executory contracts and unexpired leases ("Notice of Assumption and Assignment"). Such Notice of Assumption and Assignment shall include the name of the proposed assignee, including contact information, any available evidence of adequate assurance of future performance by such proposed assignee and any amount that the Debtor believes is necessary to cure defaults thereunder.

11

28. ___ All other parties to such executory contracts or unexpired leases identified in and served with the Notice of Assumption and Assignment shall file with this Court and serve any objection to the assumption and assignment of any such contract or lease, including any objections to cure amounts, so that any such objections are filed and received by no later than 5:00 p.m. (EDT) on July 12, 2011.___

### Miscellaneous

29. The Sale Hearing may be adjourned from time to time without further notice to creditors, bidders or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

30. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order.

31. Notwithstanding Bankruptcy Rule 6004(h) or otherwise, this Bidding Procedures Order shall be effective immediately.

Dated: June 16, 2011                              BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

In re:
:
CHAPTER 11
:
THE JEWISH HOME FOR THE AGED, INC.
:
CASE NO. 11-30312 (LMW)
:

        Debtor.         :

### NOTICE (I) OF SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (II) OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, (III) OF RELATED BIDDING AND SALE PROCEDURES AND (IV) OF DISTRIBUTION OF NET PROCEEDS

NOTICE IS HEREBY GIVEN, as follows:

    1.    The Jewish Home for the Aged, Inc. (the "Debtor") seeks to sell substantially all of its assets (the "Assets") to Advanced Healthcare Properties, LLC (the "Proposed Purchaser"), free and clear of liens, claims, encumbrances and other interests (collectively, the "Interests"), with all Interests attaching to the sale proceeds ultimately attributable to the property against which such Interests are asserted, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds, subject to any rights, claims and defenses that the Debtor or its estate, as applicable, may possess with respect thereto. In addition, an injunction will be sought against any effort by any creditor to assert against the Proposed Purchaser or the Assets any claim held by such creditor against the Debtor or any claim, lien, other encumbrance or other Interest in the Assets.

2. On June 8, 2011, the Debtor filed a motion (the "Bidding Procedures Motion")[1] pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking approval of, among other things, (i) bidding procedures that govern the manner in which the Assets are to be sold (the "Bid Procedures"), (ii) the scheduling of certain dates and deadlines, including a date for objections and a date for submission of written offers, deposits and supporting documentation, an auction date and a sale hearing date, and (iii) the form and manner of this notice.

3. Also on June 8, 2011, the Debtor filed a motion (the "Sale Motion") pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Bankruptcy Rules, seeking approval of, among other things: (i) the sale the Assets (the "Sale") free and clear of liens, claims, interests and encumbrances; (ii) the assumption and assignment of certain executory contracts and unexpired leases of property, and (iii) the use of the proceeds of such sale to pay certain closing costs and certain secured creditors.

4. On June 16, 2011, the United States Bankruptcy Court (the "Court") entered an order (the "Bidding Procedures Order") approving, among other things, the Bid Procedures and setting key dates and times relating to the Sale. As set forth in the Bidding Procedures Order, the Sale is subject to competing offers from prospective qualified bidders. ***All interested potential bidders should carefully read the Bidding Procedures Order.***

5. All interested parties are invited to make offers to purchase the Assets in accordance with the terms of the Bidding Procedures Order.

---

[1] Copies of the Motion, including the asset purchase agreement, and the Bidding Procedures Order, as defined in paragraph 3 hereof, may be obtained by written request made to counsel to the Proposed Purchaser, Neubert, Pepe & Monteith, P.C., 195 Church Street, 13th Floor, New Haven, CT 06510, Attn: Elizabeth A. Crafts, Paralegal, Facsimile: (203) 821-2009, Email: ecrafts@npmlaw.com.

6.    As a result of and in connection with the Sale, the residents of the Debtor's nursing home may remain in place without disruption.

7.    As requested in the Sale Motion, certain parties who have asserted liens in or upon the Assets will receive in the aggregate all of the proceeds of the Sale in their respective order of priority other than funds directed to closing costs and such other amounts as might be agreed to among the parties. It is anticipated that no unsecured creditors of the Debtor will receive proceeds of the Sale and that there will be insufficient proceeds to pay the claims of all of the persons with Interests in the Assets. However, the lender holding a mortgage and security interest with first priority against the Assets has agreed to "carve-out" the amount of $211,000 ("Carve-Out Agreement") from the proceeds it actually receives from the Sale, and pay it into escrow for the benefit of unsecured creditors in this case, on the terms and conditions more fully set forth in the proposed order submitted with respect to the Sale Motion. In particular, without limitation, such lender entered into the Carve-Out Agreement in exchange for the Official Committee of Unsecured Creditors waiving any objection to the Sale or the Sale Motion.

8.    Any individual or entity who is not described in the Sale Motion as a possible recipient of proceeds of the Sale and who asserts that it maintains an Interest in all or part of the Assets and is entitled to a portion of such proceeds must, if it wishes to be heard, submit proof of such lien/claim in writing as an objection at or before the Objection Deadline (defined below) and must demonstrate why he has higher priority to such proceeds than those parties to whom the Sale Motion requests that payment be made.

9.    The Debtor has determined to sell the Assets outside the ordinary course of business before a Disclosure Statement is approved and a Plan is confirmed because it has concluded that the best way to maximize the value of its estate and to maintain its nursing home

as a going concern is to sell the Assets at this time. The Proposed Purchaser has offered substantial value for the Assets and seeks to consummate the transaction in an expeditious manner. The Sale of the Assets has been exposed to the marketplace and is subject to competing bids, thereby enhancing the ability to secure the highest and best value for the Assets. Finally, all creditors and parties in interest will have received adequate notice of the Bid Procedures, the Auction and the proposed Sale Hearing.

10. The deadline to submit written bids for the Assets, accompanied by a deposit and supporting documentation (the "Bid Deadline") is **July 7, 2011** at 5:00 p.m., prevailing Eastern time. Bids must be deposited and/or delivered so as to be received by the Debtor's undersigned attorneys before the Bid Deadline. Pursuant to the Bidding Procedures Order, if the Debtor receives before the Bid Deadline more than one bid that meets the qualification standards set forth in the Bid Procedures (a "Qualified Bid"), then the Debtor will conduct an auction (the "Auction") for the sale of the Assets on **July 11, 2011** at 2:00 p.m., prevailing Eastern time. The Auction will be conducted at the office of Zeisler & Zeisler, P.C. at 558 Clinton Ave, Bridgeport, CT 06605. The Debtor reserves the right to change the place of the Auction and will notify the Qualified Bidders if it does so.

11. The Bidding Procedures Order further provides that a sale hearing (the "Sale Hearing"), at which evidence may be presented, will be held to (a) decide whether to confirm the results of the Auction, if conducted, and (b) consider approval of the Sale of the Assets, free and clear of all Interests, and/or approve the other relief requested in the Sale Motion, on **July 13, 2011** at 2:00 p.m., prevailing Eastern time, before the Honorable Lorraine Murphy Weil, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Connecticut, 157 Church Street, 18th Floor, New Haven, CT 06510, or at such time thereafter as

4

counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

12.    At the Sale Hearing, the Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this chapter 11 case. Objections, if any, to the Sale Motion, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the District of Connecticut, shall set forth the basis for the objection with specificity and shall be filed with the Court and served upon the following no later than **July 7, 2011**, by 5:00 p.m., prevailing Eastern time (the "Objection Deadline"):

    i.    Stephen M. Kindseth, Esq., Zeisler & Zeisler, P.C., 558 Clinton Ave, Bridgeport, Connecticut 06605, attorney for the Debtor,

    ii.    Mark I. Fishman, Esq., Neubert, Pepe & Monteith, P.C., 195 Church Street, New Haven, Connecticut 06510, co-counsel to Proposed Purchaser,

    iii.    Mark S. Rubin, Esq., Frankel, Rubin, Bond, Dubin, Siegel & Klein, P.C., Suite 1111 Bemiston Tower, 231 South Bemiston (Clayton), St. Louis, Missouri 63105,

    iv.    Office of the United States Trustee: 150 Court Street, New Haven, Connecticut, 06510.

1.    Failure of any person or entity to file an objection on or before the Objection Deadline will bar the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Auction, the sale of the Assets, free and clear of Interests, the Debtor's consummation and performance of the terms of the asset purchase agreement entered into with the Successful Bidder(s), as defined in the Bidding Procedures Order, or the distribution of the proceeds of the Sale.

2.    In the event that a sale order is entered by the Court at or after the Sale Hearing in the form proposed by the Debtor, the Successful Bidder(s) shall have no successor liability for

5

monetary or other claims of any kind or character against the Debtor, whether known or unknown as of the Closing under the Purchase Agreement, now existing or hereafter arising, whether fixed or contingent.

3. This notice is subject to the full terms and conditions of the Bidding Procedures Motion, the Sale Motion and the Bidding Procedures Order, which shall control in the event of any conflict. The Debtor encourages parties in interest to review such documents in their entirety.

Dated at Bridgeport, Connecticut, this 16th day of June, 2011.

THE DEBTOR,

THE JEWISH HOME FOR THE AGED, INC.

By: /s/ Stephen M. Kindseth
Stephen M. Kindseth (ct14640)
Zeisler & Zeisler, P. C.
558 Clinton Avenue
P. O. Box 3186
Bridgeport, CT  06605-0186
Tel: (203) 368-4234
Fax: (203) 367-9678
Email: skindseth@zeislaw.com
Its attorneys