**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| The Jewish Home for The Aged, Inc. | : | Case No. 11-30312 (LMW) |
| | : | |
| | : | |
| Debtor. | : | |
| _____ | : | July 11, 2011 |

**Limited Objection of U.S. Department of Health and Human
Services to (1) Debtor's Motion to Sell Free and Clear of Liens [ECF No. 86]; and (2)
Debtor's Proposed Assumption and Assignment of Its Medicare Provider Agreement**

The United States of America, on behalf of the U.S. Department of Health and Human Services ("the United States" or "HHS"), by and through United States Attorney David B. Fein, and the undersigned Assistant United States Attorney, files this limited objection to the Debtor's motion to sell its assets free and clear of liens, claims, interests and encumbrances (Docket Entry 86).[1] This limited objection is applicable only insofar as the Debtor is proposing to sell the right to bill Medicaid and Medicare, sell its Medicare Provider Agreement ("MPA"), and/or, more generally, sell any Medicare participation rights, free and clear of all claims, liabilities, or obligations including "civil monetary penalties ["CMP"] whose existence is known to the Debtor at the time of Closing." *See* Docket Entry 97, Proposed Order Approving Sale, at 16.

HHS objects to the proposed sale on two grounds. First, the MPA (and the right it

---

[1] "Motion for an Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 6004 and 6006 Authorizing and Approving (A) The Sale of Assets, Free and Clear of Liens, Claims, Interests and Encumbrances, (B) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases of Property, (C) The Use of the Proceeds of Such Sale to Pay Certain Closing Costs and Certain Secured Creditors and (D) Other Related Relief."

1

provides to bill Medicare) may not be transferred without the government's approval. Second, the statutory framework for the assignment of the MPA subjects the purchaser to all conditions of participation and makes the purchaser liable to HHS for any previous overpayments and civil monetary penalties.  Although a proposed assumption of an MPA may state that there is a specific amount required to cure the MPA as an executory contract in the context of a bankruptcy proceeding, if a debtor assumes the MPA for assignment to a purchaser, it must also assume the obligation for overpayments and CMPs regardless of when determined, without limitation. In support of this limited objection, HHS states as follows:

1. Medicare is a federal health insurance program for elderly and disabled individuals. Congress created the Medicare program in 1965 as an amendment to the Social Security Act, at Title XVIII. *See* 42 U.S.C. §§ 1395 *et seq.*

2. Congress entrusted the administration and operation of the Medicare program to the Secretary of HHS. *See* 42 U.S.C. § 1395 *et seq.* The Secretary operates the Medicare program through an agency within HHS known as the Centers for Medicare & Medicaid Services.

3. The MPA is the basis of the legal and commercial relationship between HHS and the health care organization that wishes to receive Medicare payments. *See* 42 U.S.C. §§ 1395cc, 1395f(a); *Good Samaritan Hospital v. Shalala*, 508 U.S. 402, 404 (1993). HHS enters into an MPA with a health care organization only after ascertaining that the organization and its operations meet all the various Medicare conditions of participation for that type of provider.

4. A health care organization that enters into an MPA with HHS agrees to abide by the law of Medicare. The terms of Medicare law are comprehensively incorporated into the MPA. *See, e.g.*, *In re St. John's Home Health Agency, Inc.*, 173 B.R. 238, 247 (Bankr. S.D. Fla.

1994).

5. A "Medicare provider number" is the administrative identifier for a particular health care organization's MPA with HHS. *See In re Vitalsigns Homecare, Inc.*, 396 B.R. 232, 237-38 (Bankr. D. Mass. 2008) (describing enrollment process for Medicare Providers); 42 C.F.R. § 424.505. A Medicare provider number has no legal value or significance of its own, and it cannot be separated from the MPA it identifies.

6. A provider is prohibited from selling, or allowing any other entity to use, that provider's number. 42 C.F.R. § 424.550. The Medicare State Operations Manual ("SOM") (which contains guidelines on provider participation in the Medicare program) adds: "A provider number cannot be sold. A provider identification number is not the "property" of any individual or ... entity. The number is issued by the Medicare program and is under the control of the Secretary of DHHS, subject to law, regulation, and program policy." SOM (Pub. 100-07), Ch. 3, § 3210.1E.

7. Under certain circumstances, an MPA may be assigned. 41 U.S.C. § 15 (prohibiting the assignment of government contracts without government consent). In the context of a sale of a functioning health care provider, an MPA may be assigned to the purchaser, on terms consistent with Medicare law and policy, and subject to regulatory approval. 42 C.F.R. § 489.18(d). The purchaser/assignee of a Medicare provider agreement must accept the provider agreement as is, accepting both the benefits and the burdens. *See In re Raintree Healthcare Corp.*, 431 F.3d 685, 687-89 (9th Cir. 2005); *In re Vitalsigns Homecare, Inc.*, 396 B.R. at 238 (describing non-bankruptcy transfer of MPA). Thus, the purchaser/assignee is liable for any previous overpayments or CMPs made under the MPA prior to the assignment, and these

amounts may be recovered through recoupment. *See United States v. Vernon Home Health, Inc.*, 21 F.3d 693, 696 (5th Cir. 1994).

8. In the bankruptcy context, the MPA is considered an executory contract. *In re Vitalsigns Homecare, Inc.*, 396 B.R. at 239. Therefore, government adjustments for a Medicare overpayment constitute a recoupment, and not a setoff, and are unaffected by bankruptcy. *In re Slater Health Center, Inc.*, 398 F.3d at 100, 103; *In re Holyoke Nursing Home, Inc.,* 372 F.3d at 4. The government may seek recoupment from the new holder of an MPA of pre-petition Medicare overpayments. *See In re Vitalsigns Homecare*, Inc., 396 B.R. at 241.

9. Moreover, recoupment is not a claim, it is a defense to payment. *Conoco, Inc. v. Styler,* 82 F.3d 956, 959 (10th Cir. 1996). Therefore, it cannot be extinguished by a sale under Bankruptcy Code § 363(f) because it does not constitute an interest in property. *In re Chrysler LLC*, 405 B.R. 84, 112 (Bankr. S.D.N.Y. 2009) (noting that a § 363(f) sale will not extinguish recoupment); *In re Lawrence United Corp.*, 221 B.R. 661, 669 (Bankr. N.D.N.Y. 1998) (holding that recoupment is not an interest for § 363(f) purposes).

10. Similarly, as an "executory contract," the provider must assume or reject the MPA before transferring the agreement to another party during the pendency of the bankruptcy proceeding. 11 U.S.C. § 365(b)(1), (d)(2). A party who assumes an executory contract must assume it in its entirety; it may not be assumed in part and rejected in part. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530-32, 104 S.Ct. 1188, 1198-99, 79 L.Ed.2d 482 (1984); *In the Matter of Schokbeton Industries*, Inc., 466 F.2d 171, 175 (5th Cir. 1972) (debtor is required to assume the executory contract as a whole). A debtor cannot assume the benefits of an executory contract under 11 U.S.C. § 365 without assuming its burdens as well. *Covington v. Covington Land L.P.*,

71 F.3d 1221, 1226 (6th Cir. 1995).

11.   More importantly, in any context, a successor to the MPA is responsible for any overpayment or CMPs even if the terms of the sale or transfer indicate the purchaser assumes no liabilities. *United States v. Vernon Home Health, Inc.*, 21 F.3d 693, 696 (5th Cir. 1994) (holding successor was liable for prior overpayments despite sale agreement stating purchaser assumed no liabilities); see *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1104 (8th Cir. 2000) (finding successor liability for prior CMP and rejecting Fifth Amendment argument by successor); *Delta Health Group, Inc. v. U.S. Dept. of Health and Human Services*, 459 F.Supp.2d 1207, 1221-26 (N.D.Fla. 2006) (finding successor liability for prior CMPs).  Therefore, the Debtor may not sell the MPA free of any overpayments or CMPs. These follow the MPA, and the purchaser of the MPA becomes liable to HHS for any overpayments and penalties.

WHEREFORE, the United States objects to the Debtor's motion and respectfully requests, for the foregoing reasons, that the Court deny the motion to the extent that the Debtor is proposing to sell the right to bill Medicaid and Medicare, sell its Medicare Provider Agreement ("MPA"), and/or, more generally, sell any Medicare participation rights, free and clear of all claims, liabilities, or obligations including CMPs "whose existence is known to the Debtor at the

time of Closing," and that the Court award such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    DAVID B. FEIN
    UNITED STATES ATTORNEY

    */s/ Ann M. Nevins*

    ANN M. NEVINS
    ASSISTANT UNITED STATES ATTORNEY
    FEDERAL BAR NO. CT06484
    1000 LAFAYETTE BLVD., 10th FLOOR
    BRIDGEPORT, CT 06604
    (203) 696-3000
    Email: Ann.Nevins@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| The Jewish Home for The Aged, Inc. | : | Case No. 11-30312 (LMW) |
| | : | |
| | : | |
| Debtor. | : | |
| _____ | : | July 11, 2011 |

**CERTIFICATION OF SERVICE**

I hereby certify that on July 11, 2011, I electronically filed a

**Limited Objection of U.S. Department of Health and Human Services to (1) Debtor's Motion to Sell Free and Clear of Liens [ECF No. 86]; and (2) Debtor's Proposed Assumption and Assignment of Its Medicare Provider Agreement**

with the Clerk of the Bankruptcy Court for the District of Connecticut using the CM/ECF System, which will send electronic notification of such filing to the parties able to receive such notice.

                                                     */s/ Ann M. Nevins*

                                                     ANN M. NEVINS
                                                     ASSISTANT UNITED STATES ATTORNEY
                                                     FEDERAL BAR NO. CT06484